UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KYNTREL TREVYONE JACKSON,

                        Plaintiff,

        v.

STEPHEN SINCLAIR, et al.

                        Defendants.

CASE NO. C20-5017 BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R")
of the Honorable J. Richard Creatura, United States Magistrate Judge, Dkt. 52, and
Plaintiff Kyntrel Jackson's objections to the R&R, Dkt. 53.

Jackson, a prisoner proceeding pro se and *in forma pauperis*, alleges that he has
been deprived of soap in violation of his Eighth Amendment rights because he allegedly
has an allergy to the only soap available to prisoners confined in the Intensive
Management Unit ("IMU") of the Washington Corrections Center ("WCC"). Dkt. 5. He
also claims that the prison's grievance procedures violate his due process and First
Amendment rights because the procedures do not provide a way to validate the date upon
which a grievance or response is received. *Id.* Jackson thus brings claims against the

1   Washington State Department of Corrections ("DOC") Secretary, Stephen Sinclair; the

2   DOC IMU Manager, Timothy Thrasher; two DOC Grievance Program Managers, Dale

3   Caldwell and Ronald Frederick; a WCC nurse, John Edelen, and medical provider, Joan

4   Palmer; and a grievance coordinator at Stafford Creek Corrections Center, Dennis Dahne.

5   　　　In October 2020, Defendants moved for summary judgment, arguing, *inter alia*,

6   that Jackson has failed to exhaust his claims and that he has failed to present evidence

7   supporting his Eighth Amendment claim. Dkt. 35. On February 18, 2021, Judge Creatura

8   issued the instant R&R, recommending that the Court grant Defendants' motion for

9   summary judgment. Dkt. 52. Judge Creatura concluded that Jackson has failed to exhaust

10   his administrative remedies against the medical provider defendants (i.e., Defendants

11   Palmer and Edelen), has failed to exhaust his administrative remedies regarding his

12   claims about the grievance process, has failed to adduce evidence of a soap allergy

13   sufficient to show an excessive risk to his health and safety in violation of the Eighth

14   Amendment, and has failed to establish the Defendants' personal participation in a

15   violation of his Eighth Amendment rights.

16   　　　On March 1, 2021, Jackson objected to the R&R. Dkt. 53. On March 17, 2021,

17   Defendants responded. Dkt. 54.

18   　　　The district judge must determine de novo any part of the magistrate judge's

19   disposition that has been properly objected to. The district judge may accept, reject, or

20   modify the recommended disposition; receive further evidence; or return the matter to the

21   magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).

22

1    Jackson raises three objections to the R&R. First, Jackson objects to the R&R's

2 characterization of his breakout. The R&R states that Jackson was "'breaking out all

3 over' due to a soap allergy." Dkt. 52 at 4 (quoting Dkt. 38 at 2). But Jackson asserts that

4 he was breaking out due to a lack of soap over an excessive amount of time. Dkt 53 at 1.

5 The R&R correctly characterizes Jackson's claim to be that he was "breaking out all

6 over" due to his soap allergy; Jackson's objection merely specifies why he was allegedly

7 having an allergic reaction. This objection is insufficient and non-dispositive on the

8 R&R.

9    Next, Jackson objects to the R&R's conclusion that Jackson needed to prove an

10 allergic reaction to the soap. Indeed, the R&R concluded that Jackson "has failed to come

11 forward with any evidence, aside from his own bald assertion, that he has such an

12 allergy." Dkt. 52 at 14. Jackson argues that this conclusion is improper because it leads to

13 an unconstitutional result in requiring prisoners to test the products they inform prison

14 authorities of being allergic to. Dkt. 53 at 1–2. But this argument mischaracterizes the

15 R&R: Jackson is required to present sufficient evidence that he in fact has an allergy to

16 survive the Defendants' motion for summary judgment. This could be accomplished, for

17 example, through medical records of past allergies or through declarations of medical

18 providers confirming an allergy. The R&R does not result in unconstitutionally requiring

19 prisoners to use products that they are allergic to, as Jackson suggest. Rather, it properly

20 held Jackson to the summary judgment standard and required Jackson to come forward

21 with evidence to support his claim.

22

1    Finally, Jackson objects to the R&R's finding that he failed to exhaust his

2  administrative remedies as to Defendants Palmer and Edelen as a matter of law. Jackson

3  asserts that he filed a grievance against the WCC medical staff on January 17, 2020

4  (Grievance No. 20694981) contesting the alleged denial of soap at WCC, which he

5  argues is sufficient to exhaust his administrative remedies. The R&R concluded that the

6  January 2020 grievance was filed in excess of the 20-day time limit required by DOC's

7  grievance policy and does not administratively exhaust Jackson's remedies because

8  Jackson's confinement at WCC ended in August 2019 and the challenged actions by

9  Palmer and Edelen occurred in July and August 2019. Dkt. 52 at 11–12.

10    Jackson objects to the R&R's conclusion that the January 2020 grievance was

11  untimely, arguing that a grievance can exceed 20 days if the issue is on-going and the last

12  day of the violation was not past 20 days. Dkt. 53 at 2. Even assuming this legal

13  argument to be accurate, the R&R correctly concluded that six months had elapsed

14  between the January 2020 grievance and the challenged actions by Palmer and Edelen. It

15  could be true that Jackson's requests for alternative soaps have been continuously denied,

16  but specific to Palmer and Edelen, their alleged actions did not occur within 20-days of

17  the January 2020 grievance. The R&R thus correctly concluded that Jackson did not

18  exhaust his administrative remedies as to Palmer and Edelen.

19    The Court having considered the R&R, Plaintiff's objections, and the remaining

20  record, does hereby find and order as follows:

21    (1)    The R&R is **ADOPTED**;

22    (2)    Defendants' motion for summary judgment, Dkt. 35, is **GRANTED**;

(3)     Plaintiff's *in forma pauperis* status is **REVOKED** for purposes of appeal; and

(4)     The Clerk shall enter a JUDGMENT and close the case.

Dated this 12th day of April, 2021.

BENJAMIN H. SETTLE
United States District Judge